ANDRE NATHANIEL JACKSON,

      Plaintiff,

      v.                      Case No. 26-cv-639-bhl

OFFICER PESCOLINI,
B. LAURENT,
M. ANDERSON,
OFFICER GUILLEN,
J. HART, and
LT HALASI,

      Defendants.

## SCREENING ORDER

Plaintiff Andre Jackson, who is currently serving a state prison sentence at the Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he stayed at the Brown County Jail for four nights. This matter comes before the Court on Jackson's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Jackson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Jackson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $14.22. Jackson's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any

complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Jackson asserts that on September 26, 2025, he was transferred from the Columbia Correctional Institution to the Brown County Jail to attend a court hearing. Brown was returned to Columbia on September 30, 2025. Although not clear, it appears that Jackson was forced to sleep on a mattress placed directly on the floor for the four nights he was at the jail. It also appears that Jackson was not given a sheet for his mattress. According to Jackson, he was told that the jail was crowded and there was no bed space, but he asserts that there was bed space in a different unit. Jackson also asserts that he was bitten by a spider, but he received no treatment before he was transferred back to Columbia.

2

## THE COURT'S ANALYSIS

Jackson was a convicted prisoner at the relevant time, so his conditions-of-confinement claim arises under the Eighth Amendment. "The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (citations omitted). To state a claim, a plaintiff must allege that "the conditions are sufficiently serious—i.e., that they deny the inmate the minimal civilized measures of life's necessities, creating an excessive risk to the inmate's health and safety," and that the defendant was deliberately indifferent to that risk. *Id.* (citations omitted). The Seventh Circuit has explained that "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). After all, "restrictive and even harsh" conditions are "part of the penalty that criminal offenders pay for their offenses." *Rhodes v. Chapman*, 452 U.S. 520, 561 (1979). Further, "it is not just the severity of the [condition], but the duration of the condition, which determines whether the conditions of confinement are unconstitutional." *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997).

With regard to his allegations that he had to place his mattress on the floor for four nights, Jackson fails to state a claim upon which relief can be granted because the Seventh Circuit long ago stated that the Eighth Amendment does not require elevated beds for prisoners. *Sanders v. Kingston*, 53 F. App'x 781, 783 (7th Cir. 2002). More specifically, the Seventh Circuit has concluded that "sleeping for five days on a mattress without a bedframe" is not an extreme deprivation. *Stephens v. Cottey*, 145 F. App'x 179, 181 (7th Cir. 2005). Here, Jackson slept on a mattress on the floor for at most four nights, so he fails to state a claim. And being bitten by a spider does not impact this analysis because spiders are not confined to floors—they are able to climb on walls, ceilings, and furniture. In other words, Jackson was just as likely to be bitten if he had been sleeping in a bunkbed.

Jackson also fails to state a claim based on assertions that he was treated differently than other inmates because of the twelve inmates who were transferred to the jail along with him, only he and one other inmate were made to sleep on the floor. To state a claim of discrimination under the Equal Protection Clause, the plaintiff must allege that (1) he is a member of a protected class; (2) he is otherwise similarly situated to members of the unprotected class, and (3) he was intentionally treated differently from members of the unprotected class. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (citation omitted). Jackson fails to state a claim because he has not alleged

3

that he is a member of a protected class or that he was treated differently from members of an unprotected class. It appears that there was inadequate bed space in the unit in which the transferred prisoners were assigned. Jackson and another inmate unfortunately were the last two people to be assigned to a cell, and it appears that, by that time, all beds were taken. His allegations suggest that his assignment to a cell without an available bed was due to a lack of resources, not due to him being treated differently than other similarly situated members of an unprotected class.

Finally, Jackson does not state a claim based on allegations that he was not examined for complaints of a spider bite before he left the jail. To establish deliberate indifference, Jackson would need to prove that Defendants were subjectively aware of and knowingly disregarded an objectively serious injury that posed an excessive risk to his safety. *Jellis v. Hulick*, 422 F. App'x 548, 549-50 (7th Cir. 2011). "A medical condition is sufficiently serious if a doctor already has determined that prompt treatment is necessary or a layperson would obviously know that the prisoner needed to see a doctor." *Id.* at 550. Jackson complained only of a swollen lip where he had been bitten. The Seventh Circuit has acknowledged that a layperson would not think someone with a bug bite would need to immediately see a doctor. *Id.* Moreover, Jackson does not allege that he suffered a cognizable injury as a result of not being examined by a nurse. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020). It appears that the bug bit healed without medical intervention or treatment.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Jackson believes he can cure the deficiencies identified in this decision, he may file an amended complaint by June 10, 2026. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Jackson's failure to state a claim in his original complaint. If Jackson does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that Jackson's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

4

**IT IS FURTHER ORDERED** that on or before **June 10, 2026**, Jackson may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Jackson a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Jackson shall collect from his institution trust account the $335.78 balance of the filing fee by collecting monthly payments from Jackson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Jackson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Jackson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Jackson is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Jackson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

5

Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 12th day of May, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge