ANDRE NATHANIEL JACKSON,

      Plaintiff,

      v.                        Case No. 26-cv-639-bhl

OFFICER PESCOLINI,
B. LAURENT,
M. ANDERSON,
OFFICER GUILLEN,
J. HART,
LT HALASI,
TK HEALTH, and
CLASSIFICATION,

      Defendants.

## SCREENING ORDER

Plaintiff Andre Jackson, who is currently serving a state prison sentence at the Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he stayed at the Brown County Jail for a few nights to attend a court hearing. On May 12, 2026, the Court screened the complaint and, after concluding it failed to state a claim on which relief could be granted, allowed Jackson the opportunity to file an amended complaint, which he did on May 27, 2026. The Court will screen the amended complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

As explained in the original screening order, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which

relief may be granted.  To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

### ALLEGATIONS OF THE AMENDED COMPLAINT

The allegations in the amended complaint are substantively identical to the allegations in the original complaint.  Jackson asserts that on September 25, 2025, he was transferred from the Columbia Correctional Institution to the Brown County Jail to attend a court hearing[1].  According to Jackson, of the twelve prisoners transferred from Columbia to the jail, only he and one other inmate were forced to sleep on a mattress placed directly on the floor.  The other ten inmates were placed in cells with beds.  Jackson asserts that officers falsely stated that there was no bed space available.  According to Jackson, there were beds available in a different pod.  Jackson also alleges that he was housed with two pretrial detainees, which was against jail policy because he is a state prisoner. Jackson also asserts that he was bitten by a spider while he was sleeping, and he received no treatment before he was transferred back to Columbia.

### THE COURT'S ANALYSIS

Jackson acknowledges that he was a convicted prisoner at the relevant time, so his conditions-of-confinement claim arises under the Eighth Amendment.  "The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (citations omitted). To state a claim, a plaintiff must allege that "the conditions are sufficiently serious—i.e., that they deny the inmate the minimal civilized measures of life's necessities, creating an excessive risk to the inmate's health and safety," and that the defendant was deliberately indifferent to that risk. *Id*. (citations omitted).  The Seventh Circuit has explained that "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  After all, "restrictive and even harsh" conditions are "part of the penalty that criminal offenders pay for their offenses." *Rhodes v. Chapman*, 452 U.S. 520, 561 (1979).  Further, "it is not just the severity

---

[1] Although Jackson does not include this detail in his amended complaint, he stated in his original complaint that he was returned to Columbia four days later, on September 30, 2025.

2

of the [condition], but the duration of the condition, which determines whether the conditions of confinement are unconstitutional." *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997).

As the Court explained in the original screening order, Jackson fails to state a claim based on his allegations that he had to sleep on a mattress on the floor for several nights because the Seventh Circuit long ago stated that the Eighth Amendment does not require elevated beds for prisoners. *Sanders v. Kingston*, 53 F. App'x 781, 783 (7th Cir. 2002). More specifically, the Seventh Circuit has concluded that "sleeping for five days on a mattress without a bedframe" is not an extreme deprivation. *Stephens v. Cottey*, 145 F. App'x 179, 181 (7th Cir. 2005).

Jackson also fails to state a claim based on assertions that he was treated differently than ten of the other eleven prisoners who were transferred to the jail with him. To state a claim of discrimination under the Equal Protection Clause, the plaintiff must allege that (1) he is a member of a protected class; (2) he is otherwise similarly situated to members of the unprotected class, and (3) he was intentionally treated differently from members of the unprotected class. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (citation omitted). Jackson's assertion that he was treated differently "from the opposite race of inmates" does not satisfy the pleading standard for a couple of reasons. First, it is unclear what Jackson means by "opposite race." Second, this allegation is too vague for the Court to reasonably infer that he and the other inmate who were forced to sleep on the floor are members of a protected class while every one of the ten inmates who got a bed are members of an unprotected class. "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Jackson therefore fails to state a claim under the Equal Protection Clause.

Jackson also does not state a claim based on allegations that he was not examined for complaints of a spider bite before he left the jail. To establish deliberate indifference, Jackson would need to prove that Defendants were subjectively aware of and knowingly disregarded an objectively serious injury that posed an excessive risk to his safety. *Jellis v. Hulick*, 422 F. App'x 548, 549-50 (7th Cir. 2011). "A medical condition is sufficiently serious if a doctor already has determined that prompt treatment is necessary or a layperson would obviously know that the prisoner needed to see a doctor." *Id.* at 550. Jackson complained only of a swollen lip where he had been bitten. The Seventh Circuit has acknowledged that a layperson would not think someone with a bug bite would need to immediately see a doctor. *Id.* Moreover, Jackson does not allege that he suffered a cognizable injury as a result of not being examined by a nurse. *See Lord v.*

3

*Beahm*, 952 F.3d 902, 905 (7th Cir. 2020). It appears that, like nearly all bug bites, Jackson's healed without medical intervention or treatment.

Finally, Jackson's concern about being housed with pretrial detainees rather than by himself or with other state prisoners does not state a claim. The mere fact that his housing assignment may have violated jail policy is insufficient to state a constitutional claim. *See Lewis v. Richards*, 107 F.3d 549, 553 n. 5 (7th Cir. 1997); *Langston v. Peters*, 100 F.3d 1235, 1238 (7th Cir. 1996) (explaining that a violation of a prison policy alone does not violate the Constitution or suggest deliberate indifference).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 29th day of May, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.